UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KOSTANDINE DHEMBI
2407 3rd Avenue
South Milwaukee, WI 53172

      Plaintiff,

      v.                                 Case No: 16-CV-0342

PATRICK CUDAHY LLC
200 Commerce Street
Smithfield, VA 23430

      Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Kostandine Dhembi, by her counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), 42 U.S.C. §12101 *et seq.;* the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 634 et seq., and the Family & Medical Leave Act ("FMLA"), 29 U.S.C. §825 *et seq*.

2. The unlawful employment practices giving rise to the Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28

U.S.C § 1391(b), *inter alia.*

## THE PARTIES

3. Plaintiff, Kostandine Dhembi, date of birth August 25, 1956, is an adult female Albanian resident of the State of Wisconsin, residing in Milwaukee County at 2407 3rd Avenue, South Milwaukee, Wisconsin 53172.

4. Defendant, Patrick Cudahy LLC was, at all times material herein, a foreign corporation with a principal address of 200 Commerce Street, Smithfield, Virginia 23430, doing substantial business in the State of Wisconsin in interstate commerce at One Sweet Applewood Lane, Cudahy, Wisconsin 53110.

## THE FACTS

5. Plaintiff began working for Defendant on October 9, 1997 as a general laborer.

6. At all times material herein, Plaintiff has had the most seniority in her position at Defendant, where she is still employed.

7. At all times material herein, Plaintiff performed her work duties in accordance with the reasonable expectations of the Defendant.

8. Defendant is a covered employer for purposes of the ADAAA, Title VII, and the FMLA.

9. The majority of Plaintiff's coworkers are younger than Plaintiff.

10. Since November 2011, Plaintiff has suffered from a shoulder injury that occurred at work, for which the Defendant wrongfully denied liability.

11. Defendant was at all times material herein aware of Plaintiff's shoulder injury, as Plaintiff required medical leave from Defendant until January 2012 for the injury.

12. When Plaintiff provided her medical restrictions to Defendant on January 20, 2012,

Defendant refused to honor her medical restrictions and denied that her injury was work-related.

13. Plaintiff returned to work on January 23, 2012 with those medical restrictions and Defendant sent her home for lack of work.

14. Plaintiff took approximately two weeks of medical leave in February 2012.

15. Defendant, at all times material herein, had a 100% healed policy for employees and refused to allow injured employees to return to work with restrictions unless the employer recognized the employee's injuries as occurring at work.

16. Plaintiff provided Defendant with her updated medical restrictions from the November 2011 work injury on February 27, 2012, but Defendant refused to honor these restrictions as well.

17. Defendant refused to engage in any interactive process to determine whether it could reasonably accommodate Plaintiff's medical restrictions related to her shoulder injury.

18. Defendant unlawfully disciplined Plaintiff twice on March 2, 2012.

19. Throughout Plaintiff's employment, Defendant's management repeatedly ridiculed her for her broken English and accent. Plaintiff's first language is Albanian.

20. Defendant also retaliated against Plaintiff for her use of medical leave.

21. After Plaintiff complained about Defendant's refusal to accommodate her medical restrictions, Defendant retaliated against Plaintiff by assigning her heavier work and forcing her to work longer periods without breaks compared to her younger and Caucasian coworkers.

22. The additional work and heavier work resulted in Plaintiff further injuring her shoulder and developing severe ankle problems in April 2012.

23. Plaintiff took a few days of medical leave and returned to work with medical restrictions that Defendant again refused to acknowledge or accommodate.

24. Plaintiff's supervisors treated Plaintiff harshly compared to her younger, Caucasian coworkers, yelling at her, refusing to rotate her assignments, denying her a full 40 hours per week, and demeaning her in front of her coworkers.

25. After a union meeting in June 2012 with Defendant's Human Resources department to discuss Plaintiff's union grievance while she was medical leave, Plaintiff was hospitalized with stroke-like symptoms from stress from the hostile work environment at Defendant.

26. Shortly after the union meeting, Defendant wrongly accused Plaintiff of bad production at work in further harassment based on her disability and her age.

27. Plaintiff returned to work without restrictions in July 2012, even though she continued to have great pain and disability from her injuries.

28. Plaintiff had surgery on her ankle injury on November 15, 2013, but she did not have surgery to correct her shoulder injury.

29. On December 16, 2013, Plaintiff filed an employment discrimination complaint against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") as EEOC Case No. 443-2012-00988.

30. The EEOC issued Plaintiff a Notice of Right to Sue for this case on December 22, 2015, which she received on December 24, 2015.

31. Plaintiff has exhausted all of her administrative remedies and has satisfied all conditions precedent to bringing this action.

### FIRST CLAIM FOR RELIEF — ADAAA DISCRIMINATION

32. Plaintiff realleges and incorporates paragraphs 1-31 of this complaint by reference.

33. Defendant discriminated against Plaintiff based on disability in the terms and

4

conditions of her employment, including a 100% healed policy, in reckless disregard of her federally protected rights under the ADAAA, 42 U.S.C. §12101 *et seq.*

34. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, loss of reputation among her co-workers, physical pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

## SECOND CLAIM FOR RELIEF — ADAAA RETALIATION

35. Plaintiff realleges and incorporates paragraphs 1-34 of this complaint by reference.

36. Defendant intentionally retaliated against Plaintiff in the terms and conditions of her employment for opposing disability discrimination in the workplace in reckless disregard of her federally protected rights under the ADAAA, 42 U.S.C. §12203 *et seq.*

37. As a result of Defendant's intentional retaliation, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, loss of reputation among her co-workers, physical pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

## THIRD CLAIM FOR RELIEF – ADEA DISCRIMINATION

38. Plaintiff realleges and incorporates paragraphs 1-37 of this complaint by reference.

39. Defendant discriminated against Plaintiff based on age in her terms and conditions of employment in reckless disregard of her federally protected rights under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 634 *et seq.*

40. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages

in the form of lost wages, lost employment benefits, and attorney fees. These damages continue into the present and will continue into the foreseeable future.

### FOURTH CLAIM FOR RELIEF – ADEA RETALIATION

41. Plaintiff realleges and incorporates paragraphs 1-40 of this complaint by reference.

42. Defendant intentionally retaliated against Plaintiff by impacting the terms and conditions of her employment for opposing age discrimination in the workplace in reckless disregard of her federally protected rights under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 634 *et seq*.

43. As a result of Defendant's intentional retaliation, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, and attorney fees. These damages continue into the present and will continue into the foreseeable future.

### FIFTH CLAIM FOR RELIEF – FMLA DISCRIMINATION

44. Plaintiff realleges and incorporates paragraphs 1-43 of this complaint by reference.

45. Defendant discriminated against Plaintiff based on her use of FMLA in the terms and conditions of her employment in reckless disregard of her federally protected rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §825 *et seq.*

46. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of loss of wages and other employment benefits, liquidated damages, and other damages that she will establish at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 29 U.S.C. § 626, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this 21st day of March, 2016.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff

*s/ Janet L. Heins*

Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com